JAP:RCH

**15 M 1049**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

IN THE MATTER OF THE EXTRADITION
OF

THI HA VU,

COMPLAINT AND
AFFIDAVIT IN
SUPPORT OF
APPLICATION FOR
PROVISIONAL
ARREST WARRANT

- - - - - - - - - - - - - -X

(18 U.S.C. § 3184)

EASTERN DISTRICT OF NEW YORK, SS:

I, Ryan C. Harris, being duly sworn, depose and state that I am an Assistant United States Attorney for the Eastern District of New York and act for and on behalf of the Government of France (the "Requesting State") pursuant to the Extradition Treaty Between the United States of America and France signed 23 April 1996, (referred to as the "Treaty," attached hereto as Exhibit A) as supplemented by the Instrument as contemplated by Article 3, paragraph 2, of the Agreement on Extradition Between the United States of America and the European Union signed 25 June 2003, as to the application of the Extradition Treaty Between the United States of America and France signed 23 April 1996 (referred to as the "Treaty," attached hereto as Exhibit B) with respect to the defendant THI HA VU.

In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief,[1] as follows:[2]

---

[1] The information contained herein is derived from (1) correspondence from the United States Department of Justice, Office of International Affairs; (2) a request for a provisional arrest warrant from the French Ministry of Justice; and (3) information received by

1. <u>Foreign Charges</u>. The defendant THI HA VU, is charged, in the jurisdiction of the Requesting State, with the crime of abduction of a juvenile by an ascendant, in violation of Articles 227-7, 227-9, 227-11, 227-29 of the French Penal Code. Article 2 of the Treaty provides that a charge for such offense shall serve as the basis for extradition. Article 13 of the Treaty provides for the provisional arrest of persons charged with an extraditable offense under Article 2.

2. <u>Foreign Arrest Warrant</u>. A warrant for the arrest of the defendant THI HA VU was issued on October 9, 2015, by the Examining Judge Rimhilho of the High Instance Court of Paris, France.

3. <u>Facts Underlying Foreign Charge</u>.

a. Defendant THI HA VU is the mother of a child named Isabella Laetitia Vu ("the child"), born July 1, 2006 in Singapore. The child's father is Richard Froger ("Froger"), a French national. During the first five years of the child's life, she lived with her mother in Vietnam, the Philippines, and New York. After that time, Froger took on a more active role in the child's upbringing. In 2013, both parents decided that the child should stay in Paris, France and live with her father. In accordance with this arrangement, the child lived in Paris with her father without objection until sometime during the summer of 2015.

b. On July 8, 2015, a formal custody hearing regarding the child was held before a Judge for Family Affairs in the High Instance Court of Paris. Both parents were present for

---

OIA from the French liaison prosecutor at the French embassy in Paris. A copy of the provisional arrest request issued by French authorities is attached hereto as Exhibit C.

[2] Because the purpose of this Complaint is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which the government is aware.

the hearing and represented by counsel. Following the hearing, the Judge issued a Judgment awarding normal residential custody to Froger. (A Copy of the Judgement and Order is attached hereto as Exhibit D). Under the Court's Order Vu was given the right to see have custody of the child for visitation "based on amicable" agreement, and at various times throughout the year, including during half of summer break. The Judgment prohibited Vu from taking the child out of French territory without the approval of the father.

    c.    In accordance with the Judgement and Order, and as agreed to by Froger, Vu took the child out of France and travelled with her by airplane to New York to stay with her there for the part of the child's summer vacation. Vu had represented to Froger that she would return to child to his custody in France on August 29, 2015.

    d.    On August 28, 2015, Froger received an email message from Vu informing him that the child was now in Vietnam staying with relatives and that stating that the child would be staying in Vietnam for a year.

    e.    According to travel records, the child departed the US on a flight on 27 Aug 2015 to Taipei, Taiwan with potential onward travel to Hanoi, Vietnam on 28 Aug 2015.

    f.    On September 1, 2015, Froger filed a complaint for parental abduction of juvenile with the French Authorities.

    4.    <u>Defendant THI HA VU's presence in the United States.</u> The defendant THI HA VU, who is within the jurisdiction of this Court, may be found at 34 Scott Street, Massapequa Park, New York, 11762. On Friday, October 30, 2015, VU arrived in the United States from Vietnam, together with the minor child Isabella Laetitia Vu, and provided the above address as their U.S. destination. The father, Mr. Richard Froger, has travelled to the United States, and, through counsel, has caused a summons to be served today on defendant

THI HA VU for purposes of obtaining custody of the minor child Isabella Laetitia. Mr. Froger was able to place a telephone call to a Mr. Smocovich who is the resident of the above described address and who told Mr. Froger that defendant THI HA VU told her that she had received the summons and may leave the United States tomorrow.

    5. <u>The Defendant THI HA VU's description.</u> The defendant THI HA VU, a citizen of Vietnam, was born on June 1, 1983 in Uong Bi, province Quang Ninh, Vietnam. Photographs of her were provided by the French Government as part of the provisional arrest request, and are attached hereto as Exhibit E for identification purposes.

    WHEREUPON, your complainant requests:

    a. that a warrant be issued pursuant to Title 18, United States Code, Section 3184, for the defendant THI HA VU's arrest;

    b. that the defendant THI HA VU be brought before this Court and the evidence of criminality be heard;

    c. that if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charge, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of the defendant THI HA VU to the appropriate authorities of the Requesting State according to the Treaty; and

    d. that this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty, including the seizure of any items or materials in the defendant THI HA VU's possession at the time of apprehension which are related to the crimes charged or which may be used as evidence, pursuant to Article 19 of the Treaty.

ROBERT L. CAPERS<br>
United States Attorney

By: _____
Ryan C. Harris
Assistant U.S. Attorney

Sworn to before me this
3rd day of November 2015

_____
THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK