UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE EXTRADITION                                      15 MJ 1049 (VVP)
OF THI HA VU.


------------------------------------------------------------x

## OPINION AND ORDER

At the request of the French Republic, the government of the United States has

moved pursuant to 18 U.S.C. § 3184 for a certification that the prerequisites for the

extradition of the respondent Thi Ha Vu to France have been met.  Vu faces charges in

France arising from a dispute about the custody of her 9-year-old child and her failure to

return the child to the custody of the child's father as required by a French judicial order.

As explained below, under the law and the terms of the extradition treaty between the United

States and France, the French government has met the requirements for the certification of

extradition that they seek.

## FACTS

The relevant facts, largely undisputed, are as follows.  The child at the center of the

custodial dispute was born in Singapore in 2006 following a brief relationship between Vu

and the child's father, Richard Froger, while Froger was a student in Vietnam.  After he

returned to France, his native country, Froger was advised by Vu that she was pregnant and

that he was the father.  Froger declined any responsibility for the child, and apparently had

but one contact with the child during the first five years of the child's life.  In 2011, however,

perhaps matured and ready to accept at least some responsibilities of parenthood, Froger

sought to establish a more substantial relationship with the child.  Vu apparently welcomed

his interest, and Froger's contacts with the child increased to the point that beginning some time in 2013 the child began to reside with him in Paris with Vu's consent.

At some point thereafter, however, disagreement between Vu and Froger arose concerning where the child should primarily reside, and Froger petitioned the High Instance Court of Paris in 2015 for a determination as to their respective custodial rights. A hearing was held before that court on June 24, 2015 with both Vu and Froger present and represented by counsel. Following the hearing the court entered a judgment on July 8, 2015 with the following provisions, among others: (1) both Vu and Froger would exercise parental authority over the child; (2) the child's primary residence would be with Froger; (3) Vu would have the right to visit the child and have the child stay with her in France at times agreed upon between her and Froger, but if they could not reach agreement Vu had the right to be with the child at specified periods during school breaks and for half of the summer break; and (4) the child could not leave French territory without the approval of both parents.[1]

Vu and Froger thereafter reached an agreement permitting the child to travel to the United States to visit Vu from August 15, 2015 to August 29, 2015, after which the child was to return to France. On August 28, 2015, however, Vu advised Froger by email that she and the child were in Vietnam, not the United States, and that she had gone to court in Vietnam to "file an appeal for our custody case" about which he would be receiving papers from the court. Her email also advised that "I know you just got married and if your wife needs a year

---

[1]A copy of the Judgment, together with an English translation, are among the documents submitted by the French government as part of the formal request for extradition [see Doc. Nos. 18-5 and 18-6].

or so alone with you I totally understand."[2]  On September 1, 2015, Froger filed a complaint with the police concerning Vu's failure to return the child to him as agreed, and following an investigation an Examining Judge of the High Instance Court of Paris issued a warrant on October 9, 2015 for the arrest of Vu on charges of parental abduction of a minor in violation of various provisions of the French Penal Code.  A European Arrest Warrant on the same charges followed on October 29, 2015.

Between August 29, 2015 and October 25, 2015, Froger had some communications with Vu concerning the proceedings she had instituted in Vietnam.  Although he apparently retained legal counsel in Vietnam, he did not attend any proceedings there, and had no contact with the child during that period of time.  He made clear to Vu that he did not consent to the child's being in Vietnam.

On October 30, 2015 Vu and the child returned to the United States and informed federal authorities that she intended to reside at the Massapequa, New York address where she had previously resided.  Froger immediately traveled to the United States and filed petition in the Supreme Court of New York requesting that the child be returned to him. The New York Supreme Court issued a summons, which was served on Vu on November 3, requiring Vu to appear in court with the child on November 4.  After service of the summons, however, Froger spoke with Glenn Smocovich, who resided with Vu at the Massapequa address and who is identified in the submissions as Vu's spouse, and Smocovich advised Froger of Vu's intent to leave the country to avoid appearing before the New York

_____

[2]The email is annexed as Exhibit P to Defendant's Opposition to Extradition [Doc. No. 21].

Supreme Court. Based on this information, the French Government requested a provisional

arrest warrant which was issued by this court on November 3, 2015. The Marshals Service

attempted to execute the warrant at the Massapequa address on the morning of November 4.

When they failed to find Vu there, they went to Kennedy Airport where they arrested her as

she was trying to board a plane bound for China. Her arrest and subsequent appearance in

this court initiated the instant extradition proceedings.

## DISCUSSION

The court's role in the extradition process is limited to determining whether the legal

requirements for extradition, as defined in the treaty and applicable law, have been met. The

Second Circuit articulates the scope of the court's inquiry as follows: (1) whether the judicial

officer conducting the extradition proceedings has jurisdiction to do so; (2) whether the

offense or offenses for which extradition is sought are covered by the applicable treaty; and

(3) whether there is sufficient evidence to support a finding of probable cause that the

respondent is guilty of each offense. *See, e.g., Austin v. Healey*, 5 F.3d 598, 600-01 (2d Cir.

1993) (citing *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)); *Ahmad v. Wigen*, 910 F.2d 1063,

1064 (2d Cir. 1990) (citing *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)).

The French government seeks extradition for three offenses in violation of the

French Penal Code: (1) abduction of a minor by an ascendant, in violation of Article 227-7

of the Code; (2) abduction of a minor by an ascendant where the child is unlawfully kept

outside of the territory of the French Republic, in violation of Article 227-9 of the Code; and

(3) attempted abduction of a minor by an ascendant, in violation of Article 227-11 of the

Code.[3]  As all three of these offenses are punishable by imprisonment for at least a year in France and as the conduct prohibited by the above provisions of the French Penal Code would also constitute a felony violation of, among other laws, 18 U.S.C. § 1204, all three offenses are extraditable under Article 2 of the Extradition Treaty between the United States of America and France.[4]  Vu does not dispute this determination.

Nor does Vu raise any jurisdictional issue concerning the extradition proceedings or this court's authority to conduct them.  The language of 18 U.S.C. § 3184 expressly authorizes a magistrate judge to conduct extradition proceedings and to issue the required certification.  That section also provides this court with jurisdiction over the extradition proceedings and over Vu personally as it authorizes a magistrate judge of the court to issue an arrest warrant and conduct extradition proceedings with respect to "any person found within his jurisdiction."  As noted, Vu was arrested at Kennedy Airport, within the Eastern District of New York.

The only issue raised by Vu with respect to the prerequisites for extradition concerns the probable cause finding the court must make.  Specifically, she argues that there is insufficient evidence that she had the intention to abduct the child, which she contends must be shown to prove each of the offenses with which she is charged in France.  Rather, she

---

[3]The relevant French Penal Code provisions, as well as translations, are annexed to the government's letter dated January 8, 2016 as Exhibits L and M [Doc. Nos. 18-12, 18-13].  The French extradition request and its translation are annexed to the letter as Exhibits C and D [Doc. Nos. 18-3, 18-4].

[4]A copy of the treaty is attached to the Declaration of Julie B. Martin [Doc. No. 18-1].

argues that she intended simply to have her custodial rights determined in Vietnam by a Vietnamese court.

Vu is correct that abduction is an essential element of each offense with which she is charged in France. The criminal activity proscribed by article 227-7 of the French Penal Code is "The abduction [of] a minor from the care of persons who exercise parental authority over him or from persons to whom he was entrusted, or with whom the child habitually resides, when committed by any ascendant." [Doc. No. 18-13] Article 227-9 of the French Penal Code increases the punishment for a violation of article 227-7 "if the minor is unlawfully kept outside the territory of the Republic." Finally, under article 227-11, an attempt to violate article 227-7 is subject to the same penalties as a violation of article 227-7. Thus all three offenses require proof of the intent to abduct a minor.

The court disagrees, however, that there is insufficient proof of Vu's intent to abduct the child. Neither the government nor the respondent has offered a definition of the meaning of abduction as used in the French Penal Code. The court is satisfied, however, that, at least with respect to abduction by an ascendant,[5] it corresponds to the meaning of the international parental kidnapping statute of the United States. That statute makes it a crime to "remove" or "retain" a child "with intent to obstruct the lawful exercise of parental rights." 18 U.S.C. § 1804(a). There is more than sufficient proof that Vu possessed such intent here. There is undisputed proof that Vu was aware of the judicial order giving Froger the right to custody of the child, and that she had to obtain his consent to remove the child

---

[5]"Ascendant" means a relative, such as a parent, who is in the ascending lineage of another person, i.e., the opposite of a descendant.

from France.  Although she did obtain his consent to remove the child from France, that

consent extended only until August 29, 2015.  Thus, she was in violation of Froger's

custodial rights when she failed to return the child to him on and after that date.  There is no

dispute that Vu thereafter kept the child outside of France for more than two months in

violation of Forger's custodial rights, first in Vietnam and then in the United States, despite

his communications with her that he did not consent to that.  Further proof that Vu's

retention of the child was intended to interfere with Froger's custodial rights is found in her

attempt to flee the United States once summoned to court here to respond to Froger's

assertion of his custodial rights.  These facts provide ample probable cause that Vu has

committed the offenses with which she is charged in France.

Vu seeks to attack the validity of the French court's order granting Froger with

custodial rights on the ground that his conduct in seeking that order, as well as the French

court's order granting custody, are violations of international law.  Those issues, however, are

beyond the scope of this proceeding, which is solely devoted to determining whether there is

a proper basis for granting the French government's extradition request under the treaty and

applicable law.  Essentially, Vu is charged in France with violating Froger's custodial rights as

established by French law.  It is not for this court to decide whether the French court

appropriately determined those rights under French law.  Those issues are appropriate for

determination by French courts, and may well furnish defenses to the criminal charges in

French courts.  But this court's concern is solely with determining whether there is probable

cause to believe that Vu committed the violations of law asserted in the extradition request.

The respondent also devotes considerable discussion to alleged wrongdoing by

Froger, including his mistreatment of Vu, his own violation of Vu's custodial rights under the

order, and lying to French authorities about Vu's intent to have the child remain in Vietnam

for a year.[6]  To the extent that she argues that Froger violated French laws and interfered

with her custodial rights in France, those issues again are beyond the scope of this court's

inquiry in this proceeding.  She may of course pursue those allegations in appropriate forums

in France.  But whatever wrongdoing Froger may have committed in France is clearly

beyond the jurisdiction of this court to determine.

As for the lie she asserts he perpetrated concerning her intention to have the child

remain in Vietnam for a year, the court has examined the complaint Froger filed with French

authorities as well as the email communication that underlies his allegedly false assertion.[7]

Although it is true that there is no express statement by Vu to that effect in her email

communication, Froger also advised the French authorities about the false implication in the

email that Froger and his wife wanted to have a year alone without the child and approved of

such an arrangement.  Moreover, he offered to provide the email to French authorities.

Whether or not the French authorities sought to obtain the email during their ensuing

---

[6]Froger's alleged wrongdoing is described in part in the respondent's opposition papers and was also catalogued in an extended statement made by the respondent during the hearing in this matter on February 3, 2016.  In her statement, the respondent also referred to the Full Faith and Credit clause of the Constitution in an effort to argue that this court should accord the same status to Vietnamese law as is accorded to French law in determining the custodial rights of parents.  That clause, however, is not applicable here because it applies only to the relationship between the laws of the states that constitute the United States of America.  In any event, this proceeding provides the court with no basis for examining any aspect of Vietnamese law.

[7]Froger's complaint and its translation are Exhibits N and O to the government's January 8, 2016 letter [Doc. Nos. 14, 15]; the email is Exhibit P to the Defendant's Opposition [Doc. No. 21].

investigation is unknown. But this court is not at all convinced that Froger was seeking to perpetrate a fraud on French authorities. It is in any event not for this court to determine what prompted French authorities to charge the respondent with crimes, and whether Froger's statement about Vu's intent to have the child remain in Vietnam for a year had any impact on their decision. Rather, it is this court's task to determine whether there is probable cause to support their charging decision, and as detailed above there exists ample probable cause for their decision entirely separate from any statement made by Froger about Vu's intent to have the child remain in Vietnam for a year.

## CONCLUSION

For the foregoing reasons, I conclude that the prerequisites for the extradition of the respondent Thi Ha Vu to France in response to that government's request have been met. Counsel for the United States government is directed promptly to submit an appropriate form of certification for entry by the court.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           February 5, 2016